FILED
United States Court of Appeals
Tenth Circuit

March 26, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRIAN LEE,

      Petitioner-Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections;
AL ESTEP, Warden; JOHN
SUTHERS, Attorney General of the
State of Colorado,

      Respondents-Appellees.

No. 07-1447

(D.C. No. 06-CV-705-LTB-MEH)
(D. Colorado)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Brian Lee, a Colorado state prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because Lee has failed to satisfy the standards for the issuance of a COA, we must deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I.

The underlying facts that led to Lee's convictions are summarized in People v. Lee, 914 P.2d 441, 443 (Colo. App. 1995); it is unnecessary to repeat them in detail here. In 1993, Lee was convicted by a jury of first degree extreme indifference murder, three counts of attempted first degree extreme indifference murder, second degree assault, conspiracy to commit first degree assault, and conspiracy to commit menacing. On direct appeal, the Colorado Court of Appeals vacated the conviction for attempted murder pertaining to the victim of the second degree assault, and affirmed the remaining convictions. The Colorado Supreme Court denied certiorari. Lee then filed a motion for post-conviction relief in state court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The state district court denied relief and the order of denial was affirmed on appeal. Lee subsequently filed a second state-court motion for post-conviction relief under Rule 35(c), which was also denied.

Lee then filed this § 2254 habeas petition, presenting five claims for relief: (1) the trial court's jury instruction on complicity permitted conviction upon a lesser standard of proof than required by law; (2) his trial counsel was constitutionally ineffective; (3) he was denied due process because the trial court refused to grant a new trial based on newly discovered evidence; (4) the trial court used a constitutionally defective theory of the case which relied on insufficient evidence and resulted in inconsistent verdicts; and (5) his right to

2

equal protection of the laws was violated by the complicity instruction. On May 24, 2007, a United States magistrate judge filed a report recommending that Lee's petition be denied and the case dismissed with prejudice. The report addressed each of Lee's arguments in turn, concluding that the complicity instruction had no effect on the outcome at trial; that the credibility determinations of the trial court showed that trial counsel was not ineffective; and that newly discovered evidence was not grounds for habeas relief where the conviction was supported by substantial evidence. The magistrate judge further concluded that Lee's latter two claims were procedurally barred because the issues they raised had been defaulted in state court on state procedural grounds.

In an Order dated August 6, 2007, the district court, having reviewed the magistrate's report and Lee's objections to it, denied Defendant's § 2254 petition and dismissed the case. The district court subsequently denied Lee's request for a COA. Lee has renewed his request for a COA with this court, and has also filed a motion to proceed *in forma pauperis* on appeal.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

3

28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004) (internal quotation marks omitted).

After reviewing the record, we conclude that Lee is not entitled to a COA. The magistrate judge's report thoroughly explains why Lee is not entitled to habeas relief. The state courts applied the Supreme Court's clearly established precedents to the facts in an objectively reasonable manner. See Brown v. Payton, 544 U.S. 133, 141 (2005). We further agree with the magistrate judge and the district court that Lee's last two claims were procedurally barred because they were "defaulted in state court on an independent and adequate state procedural ground." Maes v. Thomas, 45 F.3d 979, 985 (10th Cir. 1995). No reasonable jurist could disagree as to these matters.

The motion for leave to proceed on appeal *in forma pauperis* and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4